IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case Number: 3:22-cv-00281 |
| WILLIAM H. COYLE; CHERYL L. COYLE; & MADISON REVOLVING TRUST 2017, | § § § | |
| | § | |
| *Defendants*. | § | |

## UNITED STATES' MOTION FOR DEFAULT JUDGMENT

The Coyles face their second motion for default judgment before this same Court within the span of 16 months. In July 2021, this Court granted Plaintiff United States' ("Government") motion for default judgment against Defendants William H. Coyle and Cheryl L. Coyle (collectively, the "Coyles") for unpaid tax liabilities. Now, the Government, under Federal Rule of Civil Procedure 55, moves the Court to again enter default judgment against the Coyles to enforce federal tax liens to help satisfy those same tax liabilities.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Coyles ran Tempo Services of Texas Inc. ("Tempo"). *See* First Am. Compl. ¶¶ 7–8, Aug. 15, 2022, ECF No. 9. As responsible persons, they both failed to pay trust fund portion of federal income and Federal Insurance Contributions Act taxes withheld from Tempo's employees. *See id.* The Coyles also failed to pay their 2013 federal income taxes. *See id.* ¶ 9.

Consequently, the Government filed a complaint seeking to reduce to judgment those taxes against the Coyles. *See United States v. Coyle*, No. 3:21-cv-53, Compl., ECF No. 1 (S.D. Tex. Mar. 12, 2021).

When the Coyles failed to answer after having been served with the complaint, the Court entered default judgment against them in July 2021. *See United States v. Coyle*, No. 3:21-cv-53, Order Granting Mot. for Default J. against William H. Coyle & Cheryl L. Coyle, ECF No. 18 (S.D. Tex. July 16, 2021). The Court held

1. Defendant William H. Coyle owes the United States $208,950.52 as of May 1, 2021, plus applicable statutory interest;

2. Defendant Cheryl L. Coyle owes the United States $23,325.42 as of May 1, 2021, plus applicable statutory interest;

3. The Coyles owe the United States $5,070.71 as of May 1, 2021, plus applicable statutory interest.

*See id.*[1] The Coyles have made no payment towards that judgment. *See* Ex. A ¶¶ 4, 7, 9.

Over a year later, the Government filed another complaint against the Coyles. *See* Compl., Aug. 3, 2022, ECF No. 1. The Government then amended its complaint to dismiss Federal National Mortgage Association and insert Madison Revolving Trust 2017. *See* Order of Dismissal, Aug. 16, 2022, ECF No. 15; First Am. Compl.

---

[1] The IRS has calculated the new amounts, as of September 30, 2022: (1) $219,722.49 against William H. Coyle; (2) $24,523.36 against Cheryl L. Coyle; and (3) $5,330.82 against the Coyles collectively. *See* Ex. A ¶¶ 4–10, Ex. B.

As evidenced in the Certificate of Service in the Government's First Amended Complaint, a true and correct copy has been mailed to Coyles in accordance Federal Rule of Civil Procedure 5(a)(1)(B), (b)(2)(C) since they both were served with the initial Complaint and summons on August 8, 2022.  *See* First Am. Compl.

The live pleading seeks to enforce the publicly filed Notices of Federal Tax Lien ("NFTL") in accordance with 26 U.S.C. § 6323(f) with the County Recorder of Galveston County, Texas regarding the tax liabilities described below, on the following dates:

| Tax Type | Taxpayer | Tax Periods Ending | Date NFTL Filed |
|---|---|---|---|
| Income | Mr. Coyle & Ms. Coyle | 12/31/2013 | 08/08/2016 |
| Trust Fund | Mr. Coyle | 03/31/2009; 03/31/2010; 06/30/2010; 09/30/2010; 12/31/2010; 06/30/2011; 09/30/2011; 12/31/2011 | 12/03/2012 |
| Trust Fund | Mr. Coyle | 03/31/2012; 06/30/2012 | 08/12/2013 |
| Trust Fund | Ms. Coyle | 06/30/2012 | 08/12/2013 |

*See* First Am. Compl. ¶ 13; Exs. A ¶ 12, D.  The liens attach to the property the Coyles have own 16611 Jamaica Cove Road, Jamaica Beach, Texas 77554 (the "Real Property").  *See* First Am. Compl. ¶ 6; *see also* Ex. A ¶ 11; Ex. C.

## II.     LEGAL STANDARD

There are three steps toward obtaining a default judgment: (1) default; (2) entry of default; and (3) default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when "a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules."

3

*Id*. The clerk of the court will enter an "entry of default" when default is established by affidavit or otherwise. *Id*. After the clerk's entry of default, a "plaintiff may apply for a judgment based on such default. This is a *default judgment*." *Id*. (emphasis in original) (citations and footnote omitted). Because the Coyles are in default and the clerk has entered an entry of default, the Government now seeks a default judgment.

Courts have developed a three-prong framework for entering a default judgment: (1) whether procedural application for default occurred; (2) whether well-pleaded allegations establish a sufficient basis for judgment; and (3) whether damages can be determined. *See Plummer v. Rockwater Energy Sols., Inc.*, No. CV H-18-4746, 2021 WL 2875665, at *1 (S.D. Tex. June 22, 2021), *report and recommendation adopted*, No. Civ-H-18-4746, 2021 WL 2875513 (S.D. Tex. July 8, 2021).

### III.   ARGUMENT

The Government has satisfied both the procedural prerequisites and that enforcing the tax liens are appropriate.

### A.   The Government has satisfied the procedural application for default

The procedural application for default requires a default was entered against the Coyles; (2) the Coyles are neither minors nor incompetent; (3) the Coyles are not in military service; and (4) the Coyles were provided with notice of the motion for default judgment. *See Senegal v. TAS Foods, LLC*, No. CV H-18-1734, 2019 WL 2568630, at *2 (S.D. Tex. June 21, 2019). "Finally, the Local Rules require that

motions for default judgment be served on the defendant-respondent by certified mail (return receipt requested)." *Platter v. G Force Cement Works, L.L.C.*, No. CV H-19-2012, 2019 WL 5748763, at *1 (S.D. Tex. Nov. 5, 2019) (citing S.D. Tex. LR 5.5).

The Government has shown all four procedural requirements. The Clerk entered default against the Coyles on September 21, 2022. *See* Clerk's Entry of Default, Sept. 21, 2022, ECF No. 17. The Coyles are not minors, incompetent, or in military service. *See* Mot. For Clerk's Entry. Finally, the Government has provided notice of this motion for default judgment as evidenced by the Certificate of Service that shows the mailing via certified mail (return receipt requested). Thus, the Government has satisfied the procedural application for default.

**B.    The Government's well-pleaded allegations establish a sufficient basis for judgment entered**

"[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Const. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted).

The Coyles have not answered the Complaint. As such they have admitted the Government's well-pled allegations of fact. *See United States v. Mikulin*, No. 4:19-CV-1010, 2021 WL 2594810, at *2 (S.D. Tex. June 2, 2021), *report and recommendation adopted*, No. 4:19-CV-1010, 2021 WL 2593625 (S.D. Tex. June 24,

2021) ("By reason of their default, the Trusts have admitted all the United States well-pleaded factual allegations."). Because of their default, the Coyles have admitted the following:

The Government obtained a judgment against the Coyles. *See* First Am. Compl. ¶ 11. The Coyles have not made any payment towards that judgment. *See id.*; *see also* Ex. A ¶¶ 4, 7, 9. Under 26 U.S.C. §§ 6321 and 6322, because the Coyles did not pay the tax liabilities, after notice and demand, federal tax liens arose on the dates of the assessments and attached to all property and rights to property belonging to them, including the Real Property. *See* First Am. Compl. ¶ 12.

Since the IRS publicly filed its tax liens in accordance with 26 U.S.C. § 6323(f) with the County Recorder of Galveston County, Texas, the Government has notified other-would-be-creditors that the tax liens attached to the Real Property. *See* First Am. Compl. ¶ 13; Exs. A ¶ 12, D.[2]

### C. The Government can establish proof for a sum certain

"A default judgment establishes the defendant's liability but not the quantity of damages." *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019), *as revised* (June 6, 2019). "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary

---

[2] The Government has agreed that Defendant Madison Revolving Trust 2017's lien has priority over the Government's tax liens. *See* Stip. Regarding Lien Priority, Sept. 27, 2022, ECF No. 18. Thus, no issues remain, and the Government's proposed order reflects that Defendant Madison Revolving Trust 2017 will be paid from the Real Property's proceeds to satisfy its lien before the Government does.

hearing." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). But an exception is made "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id*. Indeed, the Fifth Circuit has outlined that "[i]f the damages can be computed with certainty by reference to the pleadings and supporting documents alone, an evidentiary hearing may not be necessary." *Frame v. S–H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992). Here, the Government has established that the Coyles owe a specified judgment amount and that the Court can enforce certain federal tax liens against him—all of which can be done with certainty.

The Government has established that the Coyles owe a specified judgment. *See* Order Granting Mot. for Default J. "Liens, whether equitable or legal, are merely a means to the end of satisfying a claim for the recovery of money." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 262 (1999). And federal law authorizes federal courts to enforce the Government's lien against delinquent taxpayers, like the Coyles, to foreclose and sell property. *See* 26 U.S.C. § 7403. "This section authorizes the Government to enforce its tax lien against [the Coyles] by seizing and selling any property in which [they have] any right, title, or interest." *See United States v. Orr*, 336 F. Supp. 3d 732, 740 (W.D. Tex. 2018). Thus, the Government seeks that the Court enforce the tax liens and allow the sale of the Real Property.

## IV.     CONCLUSION

The Government is entitled to a default judgment against the Coyles. Thus, the Government requests the Court order:

(1)     that the Government has valid judgment lien for federal taxes against the Coyles' property, including, but not limited to, their interest in the Real Property;

(2)     that the judgment lien for federal taxes against the Coyles encumbering the Real Property be foreclosed; and

(3)     that the Government be allowed to submit an Order of Foreclosure and Judicial Sale of the Real Property.


Dated: September 28, 2022                    Respectfully submitted,

                                                                    DAVID A. HUBBERT
                                                                    Deputy Assistant Attorney General

                                                                    */s/   Christian A. Orozco*
                                                                    Christian A. Orozco
                                                                    Attorney-in-Charge
                                                                    Texas Bar #: 24107886
                                                                    S.D. Tex. Bar #: 3514147
                                                                    Trial Attorneys - Tax Division
                                                                    U.S. DEPARTMENT OF JUSTICE
                                                                    717 N. Harwood Street, Suite 400
                                                                    Dallas, Texas 75201
                                                                    Voice: 214-880-9757
                                                                    Fax: 214-880-9741
                                                                    Christian.A.Orozco@usdoj.gov

                                                                    Attorneys for the United States of America

Certificate of Service

On September 28, 2022, the foregoing document was filed with the Clerk of the Court using the ECF system, and I caused a copy of the foregoing to be served by certified mail (return receipt requested) to:

William H. Coyle
16611 Jamaica Cove Road
Jamaica Beach, TX 77554

Cheryl L. Coyle
16611 Jamaica Cove Road
Jamaica Beach, TX 77554

/s/   *Christian A. Orozco*
Christian A. Orozco